Matter of Green v LaClair (2020 NY Slip Op 02338)





Matter of Green v LaClair


2020 NY Slip Op 02338


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

528484

[*1]In the Matter of Roland Green, Appellant,
v
Darwin LaClair, as Superintendent of Franklin Correctional Facility, Respondent.

Calendar Date: March 24, 2020

Before: Clark, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Prisoners' Legal Services of New York, Plattsburgh (Michael E. Cassidy of counsel), for appellant.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the Supreme Court (Feldstein, J.), entered August 22, 2018 in Franklin County, which converted an application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, into a proceeding pursuant to CPLR article 78 and dismissed the petition.
In 1989, petitioner was convicted of, among other things, rape in the first degree and was sentenced to concurrent prison terms, the maximum of which was 5 to 15 years. Petitioner completed serving that sentence in 2003 and, in conjunction therewith, was designated a risk level three sex offender under the Sex Offender Registration Act (see Correction Law art 6-C). In 2007, petitioner was convicted of robbery in the second degree and burglary in the third degree, resulting in a sentence of concurrent prison terms, the maximum of which was 13 years in prison, followed by five years of postrelease supervision. In 2017, petitioner reached the conditional release date of that sentence and the Board of Parole determined that, because he was a risk level three sex offender as a result of his 1989 conviction, he was subject to the provisions of the Sexual Assault Reform Act as set forth in Executive Law § 259-c (14) (L 2000, ch 1, as amended by L 2005, ch 544), which, as relevant here, prohibits him from residing within 1,000 feet of school grounds. Petitioner failed to offer any proposed residence that would permit him to comply with that condition, other than the New York City homeless shelter system, which the Department of Corrections and Community Supervision regarded as inappropriate. As such, petitioner was maintained in the custody of the Department of Corrections and Community Supervision.[FN1]
Petitioner commenced a proceeding for a writ of habeas corpus, alleging that he was entitled to immediate release because the Sexual Assault Reform Act is inapplicable inasmuch as he was not a risk level three sex offender who was currently serving a sentence for a sex offense enumerated in the statute. Following joinder of issue, Supreme Court converted the application into a CPLR article 78 proceeding and dismissed the petition. This appeal by petitioner ensued.
For the reasons stated in People ex rel. Negron v Superintendent, Woodbourne Corr. Facility (170 AD3d 12 [2019]), we agree with petitioner and find that he is not subject to the conditions of Executive Law § 259-c (14) (see Matter of Cajigas v Stanford, 169 AD3d 1168 [2019], appeal dismissed 34 NY3d 955 [2019]).
Clark, J.P., Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition as sought to annul the determination of the Board of Parole as found that petitioner is subject to the school-grounds restriction set forth in Executive Law § 259-c (14); petition granted to said extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Petitioner's prison term expired on September 28, 2019. He is still listed as "in custody" on the Department of Corrections and Community Supervision website inasmuch as the maximum expiration date of his postrelease supervision is September 27, 2024.